BUSTAMANTE, Judge (specially concurring). {21} I specially concur in the result reached by the majority. The committee commentary to the federal counterpart to our Rule 11-606(B) in particular makes it clear that only pure transcription errors will be recognized as “clerical” errors. I write to emphasize just how narrow this approach is and how it will tend to stifle any consideration of jury missteps which could be addressed without delving into jury deliberations. {22} In Attridge v. Cencorp Division of Dover Technologies International, Inc., 836 F.2d 113 (2d Cir.1987), for example, two jurors indicated to the bailiff that the verdict delivered at the end of the trial was intended to represent a “net recovery ... after any reductions for comparative negligence, rather than an unadjusted verdict.” Id. at 115. The bailiff reported the conversation to the judge who reported the conversation to the parties. The following day the trial judge spoke with the jurors asking them what their understanding as to what the verdict was. The jurors unanimously agreed that the amounts written on the verdict forms were meant to be net recoveries. The trial judge adjusted the final judgment to reflect the jury reports. {23} On appeal, the Second Circuit affirmed noting that the jury inquiry was acceptable because the court was trying to determine what the jury actually agreed to. Citing to Mount Airy Lodge, Inc. v. Upjohn Company, 96 F.R.D. 378 (E.D.Pa.1982), the court noted: “The interviews were proper because they were designed to ascertain what the jury decided and not why they did so.” Attridge, 836 F.2d at 117. {24} Under the rule we follow today, Attridge would result in a reversal even though the jury unanimously agreed, in effect “we misread the instruction.” {25} I submit that such a result would not serve the ends of justice and are not necessary to protect the jury process and jurors from undue intrusion. Even Robles■ — one of the cases most heavily relied upon by the federal rule committee commentary — noted that the Fifth Circuit had held “that [R]ule 606( [B]) does not bar juror testimony as to whether the verdict delivered in open court was actually that agreed upon by the jury.” 862 F.2d at 1207. Robles then went on to limit the rule to the very narrow type of “clerical” error described by the committee commentary we now follow. Robles does not explain, however, why its prior formulations were not workable or why cases such as Attridge were wrong. Our suggestions concerning polling the jury are valid, but polling will not correct a jury’s simple misreading, for example, of a comparative negligence verdict form. APPENDIX VERDICT On the questions submitted, the jury finds as follows: Question No. 1: Was [Defendant] negligent? Answer: Yes[.] If the answer to Question No. 1 is “No[,”] you are not to answer further questions. Your foreperson must sign this special verdict, which will be your verdict for [Defendant] and against [Plaintiff], and you will all return to open court. If the answer to Question No. 1 is “Yes[,”] you are to answer Question No. 2. Question No. 2: Was any negligence of [Defendant a cause of [Plaintiff’s injuries and damages? Answer: Yes[.] If the answer to Question No. 2 is “No[,”] you are not to answer further questions. Your foreperson must sign this special verdict, which will be your verdict for [Defendant] and against [Plaintiff], and you will return to open court. If the answer to Question No. 2 is “Yes[,”] you are to answer the remaining questions on this special verdict form. When as many as ten of you have agreed upon each of your answers, your foreperson must sign this special verdict, and you will all return to open court. Question No. 3: In accordance with the damage instructions given by the court, we find the total amount of damages suffered by [P]laintiff ... to be $4,784[.] (Here[,] enter the total amount of damages without any reduction for comparative negligence[.) ] Question No. 4: Compare the negligence of the following persons and find a percentage for each. The total of the percentages must equal 100%, but the percentage for any one or more of the persons named may be zero if you find that such person was not negligent or that any negligence on the part of such person was not a cause of damage. [Plaintiff] 0% Carlos Romero 80% [Defendant] 20% 100% TOTAL The court will multiply the percentage of [Defendant times [Plaintiffs] total damages as found by the jury under Question No. 3. The court will then enter judgment for [P]laintiff against [Defendant in the proportion of damages as to that defendant. If the percentage found by the jury for any one defendant is zero, then the court will enter judgment for that defendant and against [P]laintiff as to that defendant.